# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# (SOUTHERN DIVISION)

| | |
|---|---|
| BARBARA WILLOUGHBY, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil Action Number |
| ) | |
| EXPERIAN INFORMATION ) | |
| SOLUTIONS, INC.; ) | |
| EQUIFAX INFORMATION ) | |
| SERVICES, LLC; AND TRANS UNION, ) | _____ |
| LLC, ) | |
| Defendants. ) | |

## COMPLAINT

COMES NOW the plaintiff, Barbara Willoughby, by and through her undersigned counsel, and with knowledge as to her own acts, upon information and belief and investigation of counsel as to the acts of others, believing such allegations have evidentiary support after a reasonable opportunity for further investigation or discovery alleges as follows:

### PRELIMINARY STATEMENT

1. This is an action for an actual, statutory and punitive damages, costs and attorneys' fees pursuant to 15 U.S.C. §1681, *et seq*. ("Fair Credit Reporting Act" or "FCRA") against the one of the three nationwide consumer reporting agencies, Equifax Information Services, LLC ("Equifax").

1

2.     Congress, when it enacted the FCRA in 1970, mandated the existence and use of reasonable procedures to assure the maximum accuracy of the personal and financial information compiled concerning consumers and sold to users by consumer reporting agencies ("CRAs").

3.     On December 3, 2004, President George W. Bush signed into law the Fair and Accurate Credit Transactions Act ("FACTA").

> This legislation gives consumers unprecedented tools to fight identity theft and continued access to the most dynamic credit markets in the world. With a free credit report and powerful new tools to fight fraud, consumers have the ability to better protect themselves and their families.[1]

4.     In addition to accounts reported due to identity theft, mixed files are a serious problem in the credit reporting industry. Mixed files occur when information relating to one consumer is placed in the file of another consumer.

5.     Mixed files create a false description of a consumer's credit history. Further, mixed files result in the disclosure of a consumers' most personal identifying and financial absent the consumer's knowledge or consent, or both.

6.     Mixed files also result in the debt collection harassment of innocent consumers because debt collectors use CRA databases to "skip trace" debtors and locate the alleged debtor's address and telephone number.

---

[1] http://georgewbush-whitehouse.archives.gov/news/releases/2003/12/20031204-3.html as of June 24, 2012.

7. Mixed files are not a new phenomenon. Equifax has been on notice of the existence of mixed files for at least forty (40) years. See Thompson v. San Antonio Retail Merchants Ass'n, 682 F.2d 509 (5th Cir. 1982).

8. Mixed files occur despite consumers' unique personal identifying information, such as Social Security numbers. Equifax's matching logic allows information to be included in a consumer's file even when the Social Security Numbers do not match nine out of nine digits.

9. For example, Equifax has been known to mix files when consumers' names are similar, but the Social Security numbers only match seven out of nine digits. See Apodaca v. Discover Fin. Servs., 417 F.Supp. 2d 1220 (D.N.M. 2006).

10. In the mid-1990's, the Federal Trade Commission ("FTC") and various state attorney generals' offices, including Alabama, Arkansas, California, Connecticut, Delaware, Florida, Idaho, Illinois, Louisiana, Michigan, Minnesota, Missouri, Nevada, New Hampshire, New Mexico, New York, Ohio, Pennsylvania, Rhode Island, Texas, Utah and Washington charged Equifax with violations of the FCRA. The government enforcement actions required Equifax to improve its procedures and prevent mixed files. In re Equifax Credit Information Services, Inc., (June 22, 1992); In the Matter of Equifax Credit Information Services, Inc., 12 F.T.C. 577 (Aug. 14, 1995); In the Matter of Equifax Credit Information Services, Inc., 61 Fed. Reg. 15484 (Apr. 8, 1996).

11. In 2007, Angela Williams sued Equifax in Florida and alleged the CRA mixed her file with another consumer. The case was presented to a jury. The jury entered a verdict in favor of the plaintiff, Angela Williams, for over $2.9 million, including $219,000 in actual damages and $2.7 million in punitive damages. Since 2007, Equifax has been sued hundreds of times by consumers who alleged Equifax included information in their credit file which belonged to another consumer.

12. Despite federal law, Congressional mandates, federal and state government enforcement actions, and hundreds of consumer lawsuits, mixed files remain a significant problem for consumers, including Mrs. Willoughby.

13. The sale of American's most private and sensitive personal and financial information is a multi-billion dollar industry for the CRAs.

14. In 2011, Equifax reported earnings of $2 billion and a net profit of over $220 million.[2]

15. The instant lawsuit seeks compensatory, statutory and punitive damages, costs of suit and attorneys' fees for Mrs. Willoughby, resulting from the defendant's failure to comply with the FCRA.

## JURISDICTION & VENUE

16. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, 15 U.S.C. §1681p.

---

[2] http://news.equifax.com/index.php?s=18010&item=121322 as of June 24, 2012.

17. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b).

18. Plaintiff is an adult citizen of Alabama and resides within this judicial district. Plaintiff is a "consumer" as defined by 15 U.S.C. §1681a(c).

19. Equifax Information Services, LLC ("Equifax") is a Georgia corporation with its principal place of business in the state of Georgia. Equifax does business in this judicial district. Equifax outsources consumer requests to vendors in foreign countries, including the Philippines and India. At all times relevant hereto, Equifax's vendors acted as agents for Equifax. Equifax is a CRA as defined by 15 U.S.C. §1681a(f).

20. Equifax regularly engages in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports as defined by 15 U.S.C. §1681a(f) to third parties.

21. Equifax disburses consumer reports to third parties of contract for monetary compensation.

22. Specifically, Equifax sells "consumer reports" concerning individuals who apply for credit, including retail credit and mortgages, employment, housing and insurance.

## FACTUAL ALLEGATIONS

23. Equifax reported inaccurate information concerning Plaintiff and Plaintiff's credit worthiness to third parties. Specifically, Equifax reported information that did not belong to the plaintiff to third parties.

24. The information includes, but is not limited to Plaintiff's personal identifying information. Further, the information includes, but is not limited to Plaintiff's credit worthiness. Also, the information includes, but is not limited to disclosures of Plaintiff's file to persons requesting the file of a different consumer (i.e. inquiries).

25. Equifax mixed Mrs. Willoughby's identity with that of a totally unrelated person.

26. Equifax allowed and/or used loose matching criteria to determine whether to include information pertaining to another person within Mrs. Willoughby's consumer report.

27. Based on the Equifax's credit score models, including but not limited to "Vantage Score", the information contained in Mrs. Willoughby's file negatively affects her credit score. In other words, the incorrect information included in consumer reports prepared Equifax decreased Mrs. Willoughby's credit score and increased the perceived risk to creditors and insurers.

28. More generally, the information reflects negatively on Plaintiff, her financial responsibility as a debtor and her credit worthiness and inaccurately depicts Plaintiff.

29. Equifax reported inaccurate information concerning Plaintiff through the issuance of false information and consumer reports that Equifax disseminated to persons, as that term is contemplated by 15 U.S.C. §1681a(b).

30. Plaintiff discovered inaccurate information on her Equifax file.

31. Fearing she was a victim of identity theft, Mrs. Willoughby notified law enforcement and completed a police report.

32. Mrs. Willoughby requested a fraud alert on her Equifax credit file.

33. Mrs. Willoughby disputed inaccurate information to Equifax.

34. Mrs. Willoughby provided a copy of a police report to Equifax.

35. Equifax continued to report inaccurate information concerning Mrs. Willoughby and supply her consumer report to persons requesting the consumer report of another person.

36. Equifax provided Mrs. Willoughby's consumer report to third parties, including creditors and debt collectors.

37. Creditors and debt collectors contacted Mrs. Willoughby concerning accounts that did not belong to her.

38. Mrs. Willoughby continued to dispute information to Equifax.

39. Mrs. Willoughby begged Equifax take information off of her report that did not belong to her.

40. After receipt of Mrs. Willoughby' disputes and the supporting documents, Equifax published and disseminated inaccurate information to third parties.

41. Equifax sold Mrs. Willoughby's consumer report on more than one occasion to third parties who requested a consumer report of a different person.

42. Equifax did not request additional information from the plaintiff about the disputed information.

43. Equifax did not contact third parties that would have relevant information concerning the disputed information.

44. Equifax did not forward all relevant information concerning Plaintiff's dispute to the person or persons supplying the incorrect information.

45. Equifax failed to perform reasonable investigations of Mrs. Willoughby's disputes.

46. Equifax failed to remove inaccurate information from Mrs. Willoughby's file.

47. As of today's date, Equifax continues to report incorrect information concerning the plaintiff.

48. At all times relevant hereto, Equifax acted through its agents, servants and/or employees who were acting within the scope of their employment or agency, or both, and under the direct supervision of Equifax.

49. Equifax's unlawful conduct proximately caused Plaintiff's actual damages, including but not limited to: harm to credit reputation; reduction in her credit score; credit denials; unfavorable credit terms; invasion of her privacy; emotional distress and mental anguish; out-of-pocket expenses; and time.

**COUNT ONE – VIOLATION OF THE FAIR CREDIT REPORTING ACT**

50. Plaintiff adopts and incorporates the above-numbered paragraphs as if fully stated herein.

51. Equifax is liable to Plaintiff for willfully and negligently failing to comply with § 1681i, pursuant to §§ 1681n and o.

52. Equifax violated § 1681i on multiple occasions by failing to: delete inaccurate information in Plaintiff's credit file after receiving actual notice of such inaccuracies; conduct a lawful investigation; forward all relevant information to the furnisher of the inaccurate information; maintain reasonable procedures with which to filter and verify disputed information in the plaintiff's credit file; by relying upon verification from a source the CRA Defendants have reason to know is unreliable; and failing to add a statement of dispute to Plaintiff's file.

53. Equifax's conduct was a substantial factor in directly and proximately causing Plaintiff's injuries and damages as outlined above.

54. Equifax is liable to Plaintiff for the full amount of statutory, actual and punitive damages, plus attorneys' fees and costs.

55. Wherefore, Plaintiff seeks judgment in her favor against Equifax, based on the following relief requested:

    (a)    Actual damages;

    (b)    Statutory damages;

    (c)    Punitive Damages;

    (d)    Costs and reasonable attorneys' fees; and

    (e)    Such other and further relief as may be necessary, just and proper.

**COUNT TWO – VIOLATION OF THE FAIR CREDIT REPORTING ACT**

56. Plaintiff adopts and incorporates the above-numbered paragraphs as if fully stated herein.

57. Equifax is liable to Plaintiff for willfully and negligently failing to comply with § 1681e, pursuant to §§ 1681n and o.

58. Equifax violated § 1681e(b) by failing to establish or follow reasonable procedures, or both, to assure the maximum accuracy in the preparation of the credit report and credit files it published and maintained concerning Plaintiff.

59. Equifax's conduct was a substantial factor in directly and proximately causing Plaintiff's injuries and damages as outlined above.

60. Equifax is liable to Plaintiff for the full amount of statutory, actual and punitive damages, plus attorneys' fees and costs.

61. Wherefore, Plaintiff seeks judgment in her favor against Equifax based on the following relief requested:

    (a) Actual damages;

    (b) Statutory damages;

    (c) Punitive Damages;

    (d) Costs and reasonable attorneys' fees; and

    (e) Such other and further relief as may be necessary, just and proper.

## COUNT THREE – VIOLATION OF THE FAIR CREDIT REPORTING ACT

62. Plaintiff adopts and incorporates the above-number paragraphs as if fully stated herein.

63. Equifax is liable to Plaintiff for willfully or negligently failing to comply with § 1681c-2, pursuant to § 1681n and o.

64. Equifax violated § 1681c-2 by failing to block fraudulent information within four (4) business days.

65.     Equifax's conduct was a substantial factor in directly and proximately causing Plaintiff's injuries and damages as outlined above.

66.     Equifax is liable to Plaintiff for the full amount of statutory, actual and punitive damages, plus attorneys' fees and costs.

67.     Wherefore, Plaintiff seeks judgment in her favor against Equifax based on the following relief requested:

        (a)     Actual damages;

        (b)     Statutory damages;

        (c)     Punitive Damages;

        (d)     Costs and reasonable attorneys' fees; and

        (e)     Such other and further relief as may be necessary, just and proper.

**COUNT FOUR – VIOLATION OF THE FAIR CREDIT REPORTING ACT**

68.     Plaintiff adopts and incorporates the above-number paragraphs as if fully stated herein.

69.     Equifax is liable to Plaintiff for willfully or negligently failing to follow reasonable procedures to limit the furnishing of consumer reports to the purposes listed under § 1681b, as required by § 1681e(a), pursuant to § 1681n and o.

70.     Equifax violated § 1681b by providing consumer reports concerning Plaintiff when a user requested a consumer report for another person.

71. Equifax's conduct was a substantial factor in directly and proximately causing Plaintiff's injuries and damages as outlined above.

72. Equifax is liable to Plaintiff for the full amount of statutory, actual and punitive damages, plus attorneys' fees and costs.

73. Wherefore, Plaintiff seeks judgment in her favor against Equifax based on the following relief requested:

    (a)    Actual damages;

    (b)    Statutory damages;

    (c)    Punitive Damages;

    (d)    Costs and reasonable attorneys' fees; and

    (e)    Such other and further relief as may be necessary, just and proper.

**COUNT FIVE – VIOLATION OF THE FAIR CREDIT REPORTING ACT**

74. Plaintiff adopts and incorporates the above-numbered paragraphs as if fully stated herein.

75. Plaintiff requested Equifax to truncate her Social Security number on her consumer disclosures and provided Equifax with appropriate proof of her identity.

76. Subsequent to Plaintiff's requests, Equifax failed to truncate the first five digits of her Social Security number in consumer disclosures sent to Plaintiff.

77. Equifax is liable to Plaintiff for willfully or negligently failing to truncate the first five (5) digits of Plaintiff's Social Security number as required by § 1681g(a)(1)(A), pursuant to § 1681n and o.

78. Equifax's conduct was a substantial factor in directly and proximately causing Plaintiff's injuries and actual damages as outlined above.

79. Equifax is liable to Plaintiff for the full amount of statutory, actual and punitive damages, plus attorneys' fees and costs.

80. Wherefore, Plaintiff seeks judgment in her favor against Equifax, based on the following relief requested:

    (a)    Actual damages;

    (b)    Statutory damages;

    (c)    Punitive Damages;

    (d)    Costs and reasonable attorneys' fees; and

    (e)    Such other and further relief as may be necessary, just and proper.

### JURY TRIAL DEMANDED

81. Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted,

s/ Micah S. Adkins
Micah S. Adkins (ASB-8639-I48A)
**BURKE, HARVEY & FRANKOWSKI, LLC**

        2151 Highland Avenue, Suite 120
        Birmingham, AL  35205
        Telephone:  205.747.1907
        Facsimile:  205.930.9054
        Email:  madkins@bhflegal.com

**PLAINTIFF WILL SERVE DEFENDANT BY CERTIFIED MAIL AT:**

Equifax Information Services, LLC
c/o CSC Lawyers Incorporating Services, Inc.
150 South Perry Street
Montgomery, Alabama 36104